# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL NO: 2:18-mn-2873-RMG<br><br>This filing relates to:<br><br>2:18-cv-03337-RMG  2:19-cv-02281-RMG<br>2:18-cv-03487-RMG  2:19-cv-02472-RMG<br>2:19-cv-01223-RMG  2:19-cv-02473-RMG<br>2:19-cv-01275-RMG  2:19-cv-02474-RMG<br>2:19-cv-01382-RMG  2:19-cv-02784-RMG<br>2:19-cv-01850-RMG |

## PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES OF DEFENDANTS DOWDUPONT INC., CORTEVA, INC., AND DUPONT DE NEMOURS, INC.

As requested by the Plaintiffs and the Court, Defendants DowDuPont Inc., Corteva, Inc., and DuPont de Nemours, Inc. (collectively "Defendants") list the following affirmative defenses they plan to raise in response to the Complaints filed in the following cases in this MDL as well as any others that may be subsequently filed against these Defendants: *Suffolk County Water Authority v. The 3M Company, et al.*, No. 2:18-cv-03337-RMG; *City of Stuart Florida v. 3M Company, et al.*, No. 2:18-cv-03487-RMG; *Atlantic City Municipal Utilities Authority v. The 3M Company, et al.*, No. 2:19-cv-01223-RMG; *Maury v. The 3M Company, et al.*, No. 2:19-cv-01275-RMG; *Dellucky v. The 3M Company, et al.*, No. 2:19-cv-01382-RMG; *Sioux Falls Regional Airport Authority v. The 3M Company, et al.*, No. 2:19-cv-01850-RMG; *State of Vermont v. The 3M Company, et al.*, No. 2:19-cv-02281-RMG; *Warminster Township Municipal Authority v. The 3M Company, et al.*, No. 2:19-cv-02472-RMG; *Warrington Township v. The 3M Company, et al.*, No. 2:19-cv-02473-RMG; *Horsham Water & Sewer Authority v. The 3M Company, et al.*, No. 2:19-cv-02474-RMG; *Bakman Water Company v. The 3M Company, et al.*, No. 2:19-cv-02784-RMG. This does not waive Defendants' ability to separately and fully answer or otherwise respond to each Complaint in accordance with a scheduling order to be set by the Court.

## AFFIRMATIVE DEFENSES

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Defendants, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join all necessary and indispensable parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendants is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae*.

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendants had no control or right of control and for whom Defendants is not responsible.

17. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

18. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Defendants' products were unforeseeably misused or altered.

19. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

20. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

21. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22. Plaintiffs' claims are or may be barred, in whole or in part, because Defendants used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendants that are the subject of Plaintiffs' claims. Defendants is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims

constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

27. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

28. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Defendants reasonable notice of any alleged breach.

29. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

30. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendants, and in the event that Defendants is found to be liable to Plaintiffs, Defendants will be entitled to indemnification, contribution, and/or apportionment.

31. Defendants asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as their rights to a proportionate reduction of any damages found against Defendants based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

32. Plaintiffs' claims against Defendants are barred or limited by the economic loss rule.

33. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

34. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35. Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

36. To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

37. Plaintiffs' claims are barred, in whole or in part, because Defendants did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

38. Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendants exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

39. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

40. Plaintiffs' claims are barred, in whole or in part, because to the extent Defendants owed any cognizable duty to warn, Defendants adequately discharged any such duty.

41. Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

42. The relief that Plaintiffs seek, in whole or in part, violates Defendants' due process rights.

43. Defendants deny any negligence, culpable conduct, or liability on their part but, if Defendants ultimately is found liable for any portion of Plaintiffs' alleged damages, Defendants shall only be liable for its equitable share of Plaintiffs' alleged damages.

44. Defendants deny any liability, but in the event Defendants are found to have any liability to Plaintiffs, Defendants are entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of

the injuries, costs, damages and expenses alleged in the complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the complaint.

45. Defendants cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendants.

46. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by Defendants.

47. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) attributable to Defendants.

48. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing their alleged injuries.

49. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

50. Plaintiffs' claims are barred, in whole or in part, because Defendants acted reasonably and in good faith.

51. Plaintiffs' damages, if any, were caused or contributed to by third parties over whom Defendants have no control and no legal duty to control.

52. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

53. Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendants at the time of the conduct alleged.

54. Plaintiffs' claims are barred, in whole or in part, because Defendants neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendants at all times relevant to the claims or causes of action asserted by Plaintiffs.

55. Defendants are entitled to all the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

56. The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded.

57. Defendants did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

58. Plaintiffs have failed to adequately plead and/or allege that Defendants acted with the requisite state of mind to warrant an award of punitive damages.

59. Defendants have complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and,

therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

60. Punitive damages are not available because all conduct and activities of Defendants related to matters alleged in the complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

61. Punitive damages are not available because Defendants neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendants therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendants' constitutional right to due process.

62. Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of any other state whose laws may apply.

63. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendants cannot be held responsible.

64. Some or all of the claims in some or all of the cases may be governed by arbitration clauses and may be subject to arbitration.

65. Defendants reserve the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

66. Defendants adopt by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

67. Defendants adopt by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Defendants do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the above defenses. All the preceding defenses are pled in the alternative and none constitute an admission that Defendants are liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendants reserve their rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendants in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: October 23, 2019

Respectfully Submitted,

By: /s/ *Katherine L.I. Hacker*
Katherine L.I. Hacker (CO No. 46656)
BARTLIT BECK LLP
1801 Wewatta St., 12th Floor
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
kat.hacker@bartlitbeck.com

John C. Moylan, III (Fed. I.D. # 5431)
Matthew T. Richardson (Fed. I.D. #7791)

      Alice W. Parham Casey (Fed. I.D. #9431)
      Mary Lucille Dinkins (Fed. I.D. #11961)
      WYCHE, P.A.
      807 Gervais St., Suite 301
      Columbia, SC 29201
      Telephone: (803) 254-6542
      Facsimile: (803) 254-6544
      jmoylan@wyche.com
      mrichardson@wyche.com
      tcasey@wyche.com
      ldinkins@wyche.com

Attorneys for Defendants DowDuPont Inc., DuPont de Nemours, Inc. and Corteva, Inc.

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on October 23, 2019, and accordingly served automatically upon all counsel of record for this matter.

>*/s/ Katherine L.I. Hacker*
> Katherine L.I. Hacker